# IN THE UNITED STATES BANKRUPTCY COURT FOR
# THE DISTRICT OF PUERTO RICO

IN RE:

JOSE ENRIQUE BETANCOURT RIVERA
MARGARITA ZAYAS CRUZ

Debtor(s)

CASE NO. 12-05331 BKT

Chapter 7

FILED & ENTERED ON 10/15/2013

## OPINION AND ORDER

Before this court is Debtor's Motion Requesting Entry of Order Retaining Jurisdiction [Dkt. No. 88], Trustee's Motion Requesting Entry of Order and Informative Motion [Dkt. No. 94], Debtor's Opposition to Trustee's Motion Requesting Entry of Order and Informative Motion [Dkt. No. 111] and Trustee's Reply to Debtor's Opposition to Trustee's Motion Requesting Entry of Order and Informative Motion [Dkt. No. 128]. For the reasons set forth below, Trustee's Motion Requesting Entry of Order and Informative Motion is GRANTED.

### I.      Factual Background

Debtors Jose Enrique Betancourt Rivera and Margarita Zayas Cruz filed a voluntary chapter 13 bankruptcy petition on July 5, 2012. No plan was confirmed under chapter 13. Debtors chapter 13 case was converted to a chapter 7 case on May 28, 2013.

### II.     Analysis

A bankruptcy court may close a chapter 13 case once the estate has been fully administered. 11 U.S.C. § 350(a). However, neither the Bankruptcy Code nor the Bankruptcy Rules define the phrase "fully administered." Cf. Matter of Wade, 991 F.2d 402, 406–07 (7th Cir.1993), cert. denied,

Wade v. Shook, 510 U.S. 870, 114 S.Ct. 195, 126 L.Ed.2d 153 (1993); In re Ground Systems, Inc., 213 B.R. 1016, 1019 (9th Cir. BAP 1997). Consequently, the meaning of "fully administered" is formulated by the duties the bankruptcy code imposes on the chapter 13 trustee[1].

The Bankruptcy Code mandates a chapter 13 debtor to file a plan and to begin making plan payments within 30 days after case commencement. 11 U.S.C. §§ 1321 and 1326(a)(1). The debtor must then submit plan payments, to the extent they are necessary for the execution of the plan, under the supervision and control of the trustee. 11 U.S.C. § 1322(a)(1). The Bankruptcy Code directs the trustee to insure that the debtor makes all plan payments. 11 U.S.C. § 1302(b)(5). The trustee then retains such plan payments until either the confirmation or the denial of confirmation. 11 U.S.C. § 1326(a)(2). If a plan is confirmed, the trustee must distribute the plan payments "in accordance with the plan as soon as practicable." Id. If not confirmed, the trustee must return the payments to the debtor after deducting any allowed and unpaid administrative expenses. Id. (emphasis added). Therefore, the trustee is fully accountable for his or her control and supervision of such plan payments. 11 U.S.C. §§ 704(2) and 1302(b)(1). If the trustee fails to account for the payments, or distributions to creditors who are not entitled to dividends, the trustee may be subjected to personal liability. See In re Avery, 272 B.R. at 726 citing Nash v. Kester (In re Nash), 765 F.2d 1410, 1415 (9th Cir.1985). In this case, however, the attorney fees were not allowed on the date of conversion, in fact an application had not even been filed.

---

1 Under a chapter 13 bankruptcy, when a plan is confirmed, then, the trustee's primary duties are two-fold: (1) collect the plan payments from the debtor and (2) distribute those payments to creditors accordingly under the confirmed plan. Upon the completion of the plan or after the dismissal or conversion of the case, and after the trustee has collected all payments from the debtor and distributed them to creditors in accordance with the plan, the estate has been "fully administered." See e.g., In re Avery, 272 B.R. 718, 726-27 (Bankr. E.D. Cal. 2002).

This Court recognizes the Circuit splits on the reading behind § 1326. The first set of cases hold that funds held by the trustee following dismissal of an unconfirmed chapter 13 case are subject to levy or other forced collection under state law. See Massachusetts v. Pappalardo (In re Steenstra), 307 B.R. 732 (1st Cir. BAP 2004); In re Doherty, 229 B.R. 461 (Bankr.E.D.Wash.1999); Clark v. Commercial State Bank, 2001 WL 685529 (W.D.Tex.2001); In re Price, 484 B.R. 870, 872-73 (Bankr. E.D. Ark. 2013); In re Vaughn, 09-08038-8-RDD, 2013 WL 492493 (Bankr. E.D.N.C. Feb. 7, 2013). These courts reason that despite the plain language of § 1326(a)(2), the bankruptcy estate terminates after dismissal and the automatic stay is no longer in force, thus leaving the funds held by the trustee unprotected from garnishing or levying creditors. Doherty, 229 B.R. at 463; Pappalardo, 307 B.R. at 732 (following the Doherty court).

Alternatively, the other set of courts that hold that the funds must be returned to the debtor, overwhelmingly base their reasoning on the plain language reading of § 1326(a)(2). Such reading mandates the return of the funds to the debtor after payment of administrative expense claims under § 503(b). See In re Davis, 2004 WL 3310531, *2 (Bankr.M.D.Ala.2004); In re Oliver, 222 B.R. 272, 275 (Bankr.E.D.Va.1998); In re Walter, 199 B.R. 390, 392 (Bankr.C.D.Ill.1996); In re Bailey, 330 B.R. 775, 776 (Bankr. D. Or. 2005); In re Sexton, 397 B.R. 375 (Bankr.M.D.Tenn.2008); Smith v. Strickland, 178 B.R. 524 (M.D.Fla.1995); In re Inyamah, 378 B.R. 183 (Bankr.S.D.Ohio 2007); In re Price, 484 B.R. at 872.

This Court recently discussed the pillars of statutory interpretation in In re Lee Min Ho Chen, 482 B.R. 473, 481-82 (Bankr. D.P.R. 2012). This Court stated:

> When interpreting and applying the Code and the Rules, analysis necessarily begins with the text. Lamie v. U.S. Tr., 540 U.S. 526, 534, 124 S.Ct. 1023, 157 L.Ed.2d 1024 (2004) ("The starting point ... is the existing statutory text."). The Supreme Court provided further guidance in two types of statutory interpretation, whether plain or ambiguous. Where the statute's language is plain, "... the sole function of the courts is to enforce it according to its

terms." United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 241, 109 S.Ct. 1026, 103 L.Ed.2d 290 (1989). Therefore, "courts must presume that a legislature says in a statute what it means and means in a statute what it says there." Connecticut National Bank v. Germain, 503 U.S. 249, 253–254, 112 S.Ct. 1146, 117 L.Ed.2d 391 (1992). On the contrary, where the statute's language is ambiguous, "... then, this first canon is also the last: judicial inquiry is complete." Id. (citation and internal quotation marks omitted). Specifically, "[c]ourts are to scrutinize the statute as a whole and 'not look merely to a particular clause in which general words may be used, but ... in connection with the whole statute ... and the objects and policy of the law, as indicated by its various provisions, and give to it such a construction as will carry into execution the will of the Legislature.' " In re Lindsey, 453 B.R. at 893 (quoting Azarte v. Ashcroft, 394 F.3d 1278, 1288 (9th Cir.2005) (internal citations omitted)).

Accordingly, this Court must follow the latter line of cases because section 1326(a)(2) is clear and unambiguous. See United States v. Ron Pair Enterprises, Inc., 489 U.S. 235, 242, 109 S.Ct. 1026, 1031, 103 L.Ed.2d 290, 299 (1989).

In the motion presently before the court, Trustee argues that he cannot pay the funds as per the plan's terms because the same was not confirmed and the code mandates that these funds be returned to the debtors. In opposition, Debtors argument is that § 1326(a)(2) relates to § 503(b) and § 503(b) in turn relates to attorney fees compensation. This argument has no merit and actively deviates from the plain reading of § 1326(a)(2).

Furthermore, the court takes into consideration Debtors supporting statements asserting that if the Trustee is authorized to return the funds to the Debtors, Debtors' attorney would become a creditor of the Debtors and would be unable to represent them in the chapter 7 case. (Dkt No. 111, ¶6). However, this assertion is unsubstantiated. Under §330, a chapter 7 debtor's attorney is not entitled to compensation from estate funds, unless they are employed as authorized by § 327 and approved by the court. Lamie v. U.S. Trustee, 540 U.S. 526, 538, 124 S.Ct. 1023, 1032, 157 L.Ed.2d 1024 (2004). By the same token, the Code does not require that a chapter 7 debtor's attorney be a disinterested person unless employed as authorized by § 327 and approved by the court.

Based on the above, Trustee is ordered to disburse the funds on hand to the Debtors forthwith. This opinion constitutes the court's findings of fact and conclusions of law under FRBP 7052. Accordingly, upon the issuance of this order, Debtor's Motion Requesting Entry of Order Retaining Jurisdiction is now moot.

WHEREFORE, IT IS ORDERED that Trustee's Motion Requesting Entry of Order and Informative Motion shall be, and it hereby is, GRANTED.

San Juan, Puerto Rico, this 15th day of October, 2013.

Brian K. Tester
U.S. Bankruptcy Judge